# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROOSEVELT WILLIAMS,

        *Plaintiff*,

*v.*

DAVID ANGEL, RON CARPENTER,
KENNETH McKEE, ROBBIN BELL,
LORI M. BONN, A. KOWATCH,
BLAHA, CATHLEEN STODDARD,
A. PETERSON, JAMES ARMSTRONG,
and R. STAPLETON,

        *Defendants*.

_____/

CASE NO. 09-CV-14556

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO THE PRISON LITIGATION REFORM ACT

## I.    RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

## II.    REPORT

### A.    Introduction

Plaintiff is a prisoner who is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. Plaintiff filed this *pro se* prisoner civil rights complaint on November 20, 2009, alleging that his rights were violated when Uniform Commercial Code materials were taken from his cell. The case was referred to the undersigned magistrate judge for pretrial case

management on December 14, 2009.  Plaintiff was notified that the Court could not proceed with his case unless he submitted either the $350.00 filing fee or an application to proceed without prepayment of fees.  He submitted an Application for Proceed *In Forma Pauperis* ("IFP") on January 28, 2010.  After reviewing Plaintiff's pending application and his litigation history, I conclude that a report and recommendation recommending the denial of Plaintiff's application is warranted.

**B.    Three Strikes Law**

The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996.  It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint."  *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004).  *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same).  This district's procedure, therefore, is to screen all prisoner complaints for "three strikes" prior to service on any defendants so as not to expend valuable resources on a case where the court has no authority to act.  When determining whether a plaintiff has three prior cases that qualify as "strikes," the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. §

1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). If three strikes are found, the court must then deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Id.* at 602-04.

**C.    Discussion**

Plaintiff Williams is not new to federal court. In September 2008, he filed a civil rights suit against a corrections officer at the Gus Harrison Correctional Facility. *See Williams v. Hotchkiss*, Case No. 08-13959 (E.D. Mich.). U.S. District Judge Victoria A. Roberts denied Plaintiff's application for IFP status, noting that "Plaintiff has filed at least three (3) prior cases in the federal courts which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted." Judge Roberts listed the following cases:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
| --- | --- | --- | --- |
| 08-CV-00036 | Caruso, et al. | 8/12/2008 | Robert Holmes Bell |
| 08-CV-00043 | Mumma, et. al. | 6/23/2008 | Robert Holmes Bell |
| 08-CV-00069 | Winnicki, et al. | 6/19/2008 | Robert Holmes Bell |

Consequently, Plaintiff has three strikes and cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury must exist at the time the complaint is filed. *Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id.* Plaintiff's complaint in this case does not allege any facts establishing that he is

under imminent danger of serious physical injury.

Therefore, because Plaintiff attained three strikes prior to filing this case, I suggest that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

## III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b)(2).  *See also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
CHARLES E. BINDER
Dated: March 2, 2010                         United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Roosevelt Williams, #541415, at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI, 49784-1634; and served on District Judge Lawson in the traditional manner.

Date: March 2, 2010

By _____ s/*Jean L. Broucek* _____

Case Manager to Magistrate Judge Binder