UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT WILLIAMS,

        Plaintiff,

v.

        Case No. 09-14556
        Honorable David M. Lawson
        Magistrate Judge Charles E. Binder

DAVID ANGEL, RON CARPENTER,
KENNETH McKEE, ROBBIN BELL,
LORI M. BONN, A. KOWATCH, BLAHA,
CATHLEEN STODDARD, A. PETERSON,
JAMES ARMSTRONG, and R. STAPLETON,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS, DENYING *IN FORMA PAUPERIS*
STATUS, DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES
AND COSTS, AND DIRECTING THE PLAINTIFF TO PAY THE FILING FEE**

      The plaintiff, Roosevelt Williams, a state prisoner currently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* civil rights complaint alleging that his civil rights were violated by a prison guard who allegedly took his property. The case was referred to Magistrate Judge Charles E. Binder to conduct all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). The plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a); instead he filed a petition for leave to proceed *in forma pauperis*. On March 2, 2010, Magistrate Judge Binder issued a report recommending denial of the plaintiff's petition because the plaintiff previously has filed three frivolous lawsuits. The plaintiff filed timely objections, and the matter is before the Court for *de novo* review. The Court concludes that Judge Binder is correct, and under 28 U.S.C. § 1915(g) the plaintiff may not proceed with this action without prepayment of the filing

fee. Therefore, unless the plaintiff pays the filing fee within twenty-eight days of this order, his complaint will be dismissed without prejudice.

I.

The plaintiff's complaint is difficult to follow. It cites 18 U.S.C. § 241 (a criminal statute punishing conspiracy to violate civil rights under the color of law), 18 U.S.C. § 242 (the corresponding substantive offense), and Federal Rule of Criminal Procedure 7(c) (prescribing the form of an indictment). Interwoven with references to the deity and the Uniform Commercial Code are the plaintiff's complaints that one of the defendants, Corrections Officer David Angel, illegally searched the plaintiff and committed armed robbery "by unlawfully/illegally placing Plaintiff's Secured Party into restraints (i.e. handcuffs) and removing from the Plaintiff's Secured Party's possession private property," Compl. at 2, and the other defendants conspired to cover up the misdeed. The only relief requested in the plaintiff's complaint is that the defendants be "prosecuted to the fullest extent of the law." Compl. at 9.

No filing fee or pauper's petition was filed with the complaint. On December 29, 2009, Judge Binder issued an order for the plaintiff to either submit the $350 filing fee or move for permission to proceed *in forma pauperis*. On January 28, 2010, the plaintiff complied with the order by filing an application to proceed without prepayment of fees and costs.

On March 2, 2010, Judge Binder issued a report recommending that the plaintiff's application to proceed without prepayment of fees and costs be denied under the "three-strikes" provision of the Prison Litigation Reform Act of 1995 and the plaintiff be given thirty days to submit the full filing fee. Judge Binder cited three civil rights cases filed by the plaintiff in the Western District of Michigan, which were all dismissed for failure to state a claim by Judge Robert Holmes

Bell: (1) Case No. 08-cv-00036, *Williams v. Caruso* (W.D. Mich., dismissed Aug. 12, 2008); (2) Case No. 08-cv-00043, *Williams v. Mumma* (W.D. Mich., dismissed June 23, 2008); and (3) Case No. 08-00069, *Williams v. Winnicki* (W.D. Mich., dismissed June 19, 2008). Judge Binder observed that another judge in this district, Judge Victoria A. Roberts, also relied on these dismissals to deny the plaintiff's request to proceed *in forma pauperis* in yet another civil rights case. *See* No. 08-13959, *Williams v. Hotchkiss* (E.D. Mich., dismissed Oct. 22, 2008); *see also* No. 10-12264, *Williams v. State of Michigan* (E.D. Mich., dismissed June 17, 2010, likewise on the basis of the same three cases). Noting that the plaintiff has not alleged imminent danger of serious physical injury, Judge Binder recommended denial of the application to proceed *in forma pauperis*.

The plaintiff filed timely objections.

## II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Unfortunately for the plaintiff, his objections have nothing to do with the three-strikes issue. Rather, the plaintiff laments the lack of notice that the case would be referred to a magistrate judge, preaches equal treatment of all litigants regardless of their financial ability, and characterizes his case as a criminal complaint. He argues that his suit papers constitute a federal criminal complaint,

which, he contends, is different from a civil rights action under section 1983. He reasons that his case is not subject to rules applicable to civil cases, and the United States Magistrate Judge was required to institute prosecution against the defendants at the expense of the United States. Finally, the plaintiff states that, just as citizens "are not required to pay a filing fee to pick up the phone to dial 911 for public service," so too should citizens not be required to meet standards of such statutes as 42 U.S.C. § 1997e to adjudicate their claims.

Under 28 U.S.C. § 1915(a)(1), a person may commence a lawsuit without prepayment of fees by submitting "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The so-called "three-strikes" provision was added to this statute by the Prison Litigation Reform Act of 1995 to "deter frivolous and vexatious prisoner litigation by exposing prisoners to the same financial risks and considerations faced by other litigants." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). Under that provision, a prisoner may not commence a civil action without paying the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The three-strikes law "precludes prisoners — unless they face imminent danger of serious physical injury — from proceeding IFP if they have had three prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007). Although the PLRA became effective on April 26, 1996, dismissals prior to that date also count toward three strikes referred to in section 1915(g). *Wallace v. Amin*, 69 F. App'x 667, 668-69 (6th Cir. 2003). "[A] prisoner's

assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception [of § 1915(g).]" *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

The plaintiff takes no issue with any of these principles. He offers no comment to the application of the three-strikes rule. "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Consequently, since the plaintiff did not challenge the magistrate judge's conclusion that the plaintiff may not proceed without prepayment of fees, the plaintiff has waived that argument and the Court need not address this issue because the plaintiff's silence functions as acceptance of the report on this point. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Moreover, the plaintiff's objections are based on a faulty premise. The plaintiff has no standing to commence a criminal action in federal court. *See Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam) ("Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime."); *Bass Angler Sportsman Soc'y v. U. S. Steel Corp.*, 324 F. Supp. 412, 415 (S.D. Ala.) (outlining "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions"), *aff'd*, 447 F.2d 1304 (5th Cir. 1971). Courts universally endorse

the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C.1983). . . .") (citations omitted); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). In fact, no action may be taken to issue a warrant or summons on a complaint except on the request of an attorney for the government. *See* Fed. R. Crim. P. 4(a).

The plaintiff's complaint cannot commence a criminal prosecution. His objections, therefore, must be overruled.

### III.

Because the plaintiff has filed more than three frivolous lawsuits and has made no effort to show that he is in imminent danger of serious physical injury, the plaintiff may not proceed *in forma pauperis*; he must pay the entire filing fee prior to proceeding further with his action.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #6] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objection [dkt #7] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's application for leave to proceed without prepayment of the fees and costs for this action [dkt. #4] is **DENIED**.

It is further **ORDERED** that the plaintiff shall tender to the Clerk of the Court the entire filing fee of $350.00 **on or before August 31, 2010**. If he fails to do so, his complaint will be dismissed without prejudice.

                                                      s/David M. Lawson
                                                     DAVID M. LAWSON
                                                     United States District Judge

Dated:   August 4, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2010.

                              s/Teresa Scott-Feijoo
                              TERESA SCOTT-FEIJOO